UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIERRA HOGANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1221 JCH |
| ) | |
| OLD WARSON COUNTRY CLUB, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Race Claim Pursuant to FRCP 12(b)(6) or Alternatively for Judgment on the Pleadings Pursuant to FRCP 12(c) (ECF No. 10; "Motion"). This Court ordered Plaintiff to respond to this Motion (ECF Nos. 13, 16), but Plaintiff has not filed a timely response.

## **BACKGROUND**

On or around October 7, 2010, Plaintiff dually-filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging sex discrimination. (ECF No. 1-1, p. 2). The EEOC issued a right-to-sue letter on April 13, 2011. (Id., p. 1).

In her Complaint, Plaintiff alleges that she was discriminated against in violation of Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §§2000e, *et seq*., because of her race and her pregnancy. (Complaint ("Compl."), ECF No. 1, pp. 1, 4). She claims that she was treated differently than her co-coworkers and was "constantly harassed about being pregnant." (Id., p. 5).

**DISCUSSION**

I.   **Motion to Dismiss**

   A.   Standard

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007). Similarly, motions for judgment on the pleadings under rule 12(c) are reviewed under the standard that governs motions to dismiss under 12(b)(6). Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990); St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988).

"When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings." Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008)(citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.

1999)). "It may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" (Id.).[1]

B.    Analysis

Under Title VII, a plaintiff must exhaust her administrative remedies prior to filing suit. See 42 U.S.C. §2000e-5(e); Malone v. Ameren UE, 646 F.3d 512, 516 (8th Cir. Mo. 2011)(citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)); Whitehead v. Janitron Maint. Mgmt. Servs., No. 4:07CV00049, 2007 U.S. Dist. LEXIS 31185, at *4-5 (E.D. Mo. Apr. 27, 2007)(citing Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)). To bring a claim under Title VII, the charge must be filed within 300 days of the occurrence. Burrow v. Boeing Co., No. 4:09cv2073. 2011 U.S. Dist. LEXIS 45439, at *29-30 (E.D. Mo. Apr. 27, 2011)(citing 42 U.S.C. § 2000e-5(e)(1)).

Here, Plaintiff alleges in her Complaint that she was discriminated against because of her race and her pregnancy. (Compl., p. 4). Plaintiff, however, only checked the box for sex discrimination in her formal charge filed with the EEOC and MCHR. (ECF No. 1-1, p. 2). Accordingly, Plaintiff's Title VII claim for race discrimination is barred because she did not exhaust her administrative remedies with respect to that claim. See Pointer v. Mo. Dep't of Corr., 105 Fed. Appx. 120, 121 (8th Cir. 2004)(where pro se litigant did not check the box for race discrimination on his formal charge, the race discrimination claim was barred because the plaintiff did not exhaust his administrative remedies).

---

[1] Accordingly, the Court will consider Plaintiff's charge of discrimination filed with the EEOC and MCHR. See Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)("an EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Race Claim Pursuant to FRCP 12(b)(6) or Alternatively for Judgment on the Pleadings Pursuant to FRCP 12(c) (ECF No. 10) is **GRANTED**. Plaintiff's Title VII claim for race discrimination is dismissed.

Dated this  2nd  day of November, 2011.

    /s/Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE